TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5046
Facsimile: (213) 894-0141
E-mail: jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANGEL ALVAREZ,<br>aka "Diablo,"<br><br>Defendant. | No. CR 26-405-AH<br><br><u>OPPOSITION TO MOTION TO DISMISS THE INDICTMENT</u><br><br>Hearing Date: September 9, 2026<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom of the Hon. Anne Hwang |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jena A. MacCabe, hereby files its opposition to the motion to dismiss the indictment.

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 19, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

/s/
JENA A. MACCABE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In August 2000, when defendant MICHAEL ANGEL ALVAREZ, also known as "Diablo," ("defendant") was 15 years old, he intentionally shot and killed a victim on behalf of the 18th Street gang. After being convicted at trial, he was sentenced to 50 years to life for that murder. While in prison, he feloniously possessed a weapon, for which he was sentenced to two years' probation upon his release on the murder sentence. He had served a total of approximately 24 years before his release pursuant to a new California law permitting resentencing for certain offenders.

In May 2026, officers stopped defendant on the mistaken belief that he had a warrant and searched his car pursuant to his probation terms. They found two rifle-level body armor plates. Defendant admitted to still being an 18th Street gang member, possessing that body armor, and having served that murder sentence. The Federal Bureau of Investigation suspected that he had been a high-ranking member of the 18th Street gang since his release from prison and filed a criminal complaint charging him with being a violent felon in possession of body armor, in violation of 18 U.S.C. § 931(a). (See Compl. ¶¶ 11, 16, 19, Dkt. 1.) He was thereafter indicted on that same charge and now seeks to dismiss the indictment as not having a qualifying underlying conviction following his resentencing.

Defendant's motion should be denied for two reasons. First, defendant's resentencing did not vacate his felony conviction for first-degree murder. Second, even if defendant had been originally subject to a juvenile adjudication over 20 years ago, he still has a qualifying "felony" for purposes of 18 U.S.C. § 931(a).

## II. ARGUMENT

A person may not "possess body armor[] if that person has been convicted of a felony that is (1) a crime of violence (as defined in section 16); or (2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 931(a). Both parties agree that defendant's underlying offense, namely, first-degree murder, is a "crime of violence" because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The parties merely disagree whether defendant "has been convicted of [such] a felony" to have violated 18 U.S.C. § 931(a) when he possessed the body armor he is charged with possessing in this case.

### A. Defendant's Resentencing Did Not Eliminate His Felony Crime of Violence

As defendant notes, he was originally tried and convicted as an adult for first-degree murder. He was sentenced to 50 years to life. Based on that conviction, both parties would agree that he would be subject to 18 U.S.C. § 931(a). After about 24 years' imprisonment, however, he obtained resentencing under a California law allowing juvenile offenders with de facto life-without-parole sentences to seek resentencing. That resentencing did not eliminate his qualifying felony though.

Under similar circumstances, the Second Circuit "enhanced [a defendant's] mandatory minimum sentence [under 21 U.S.C. § 841(a)(1), (b)(1)(A)] based on previous New York State felony drug convictions that were 'replaced by a youthful offender finding,'" holding that a

state "youthful offender adjudication qualifies as a prior final conviction" under federal law. United States v. Sampson, 385 F.3d 183, 194, 195 (2d Cir. 2004) (citations omitted). Likewise, in explaining why "a youthful offender who pleads guilty and is adjudicated must also be considered to have suffered a prior conviction, even if the state law does not consider him 'convicted' and his record is sealed," the Eleventh Circuit has noted "youthful offender and juvenile deferral statutes . . . are meant to provide a second chance, not a 'technical legal advantage if, not having learned a lesson, they continue their criminal conduct.'" United States v. Acosta, 287 F.3d 1034, 1037 (11th Cir. 2002) (quoting United States v. Campbell, 980 F.2d 245, 251 (4th Cir. 1992)).

Even if this Court were to apply the Second Circuit's different decision in the Armed Career Criminal Act ("ACCA") context, the result would be the same. In that context, the Second Circuit has explained how 18 U.S.C. "§ 922(g)(1) excludes certain prior felony convictions," namely, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." United States v. Sellers, 784 F.3d 876, 881 (2d Cir. 2015) (quoting 18 U.S.C. § 921(a)(20)). "'[S]et aside' in 18 U.S.C. § 921(a)(20) means to 'annul or vacate,' and . . . the plain language of N.Y. Crim. Proc. Law § 720.20(3) uses 'vacated.'" Id. at 886. Moreover, "New York law also provides that [youthful offender] adjudications may not be used as predicates for sentencing enhancements, including for 'multiple offender sentencing,' which is similar to the ACCA." Id. In so deciding, the Second Circuit distinguished a First Circuit case applying a juvenile adjudication to ACCA "because 'juvenile adjudications [under Massachusetts law]

are not "set aside" for the purpose of imposing sentence in later criminal proceedings.'" Id. at 886 n.6 (quoting United States v. Ellis, 619 F.3d 72, 75 (1st Cir. 2010) (per curiam)).

Compared to the ACCA context, defendant's circumstances are more similar to those considered by the First Circuit than the Second Circuit. Specifically, the California statute under which defendant was resentenced did not set aside, annul, or vacate his earlier conviction. See Cal. Penal Code § 1170. Even the California case that allowed defendant's resentencing in the first place (see Mot. 1-2, Dkt. 28) held that "the resentencing provision currently codified at section 1170, subdivision (d)(1), was not enacted . . . to create a procedure for vacating convictions." People v. Heard, 83 Cal. App. 5th 608, 630 (2022). Neither of defendant's exhibits show that his conviction was vacated, as opposed to him being resentenced in juvenile court to be released before serving 25 more years in prison under his original sentence.

Additionally, unlike New York law, California law includes juvenile adjudications in its Three Strikes Law, which is similar to ACCA. See Cal. Penal Code § 667(d)(3).[1] The Ninth Circuit has comparably held that Washington juvenile adjudications can "constitute[] a 'conviction' of 'a crime punishable by imprisonment for a term exceeding one year'" because "[o]nce an individual becomes an adult, Washington law also allows juvenile adjudications to be used as predicate offenses for certain crimes." United States v.

---

[1] Whether defendant was 16 years old when he committed first-degree murder -- and, thus, actually received a strike -- is not the issue. (Cf. Mot. 6.) Rather, the issue is how California law differs from New York law such that Ellis, not Sellers, is more on point.

Mendez, 765 F.3d 950, 953 (9th Cir. 2014) (quoting 18 U.S.C. §§ 921(a)(20), 922(g)(1)).

**B. Even if Defendant's Original Sentencing Had Been to a Juvenile Adjudication, He Would Still Have a Felony Crime of Violence**

Federal law excludes from the definition of a "'crime punishable by imprisonment for a term exceeding one year' . . . offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices," as well as "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). Despite Congress having the occasion to exclude juvenile adjudications from the definition too, it did not.

Defendant's reverse argument -- that Congress expressly included "juvenile adjudications" in other statutes -- does not show that Congress intended to exclude them from 18 U.S.C. § 931(a). (Cf. Mot. 8-10.) The critical point is that § 931(a) is directed at felonies, which even the juvenile court said defendant's crime is. (See Def. Ex. B at 9.) That distinguishes the Eighth Circuit's decision in United States v. Gauld, 865 F.3d 1030 (8th Cir. 2017) (en banc), upon which defendant relies.[2] Gauld dealt with a statute that "mentions only convictions," not felonies. Id. at 1035. Moreover, unlike the statutory scheme in Gauld, § 931(a)'s statutory scheme defines a

[2] Nor is Gauld binding on this Court or the sole decision in federal courts. The Second Circuit has come out the other way in finding that a "youthful offender adjudication would be considered a conviction under § 2252A(b)(1)." United States v. Salvatore, 568 F. App'x 76, 77 (2d Cir. 2014).

"crime punishable by imprisonment for a term exceeding one year" as only excluding certain state misdemeanors not at issue here. 18 U.S.C. § 921(a)(20)(B).

It is true that the Ninth Circuit has said that "[a]djudication of juvenile delinquency is not a conviction of a crime, but rather, a determination of a juvenile's status." United States v. Gonzalez-Cervantes, 668 F.2d 1073, 1076 (9th Cir. 1981). However, the Ninth Circuit said that in deciding whether juvenile delinquents were statutorily entitled to magistrate judges presiding over their misdemeanor charges, as adult defendants are. Id.; see also United States v. Doe, 53 F.3d 1081, 1083-84 (9th Cir. 1995) ("We find no statutory authority for sentencing adjudicated juvenile delinquents to supervised release."). As discussed above, the Ninth Circuit, like other circuits, has elsewhere held juvenile adjudications to be qualifying predicate convictions under federal law. See, e.g., Mendez, 765 F.3d at 953.

Because defendant maintains his "felony" for first-degree murder under California Penal Code § 187(a) (Def.'s Ex. B at 9), he qualifies under 18 U.S.C. § 931(a) as being convicted of a felony crime of violence, regardless of what court originally resolved his crime. Although it is not necessary to the determination of his conviction, the fact that he was convicted by a jury of this crime, which then formed the basis of his resentencing, rather than relitigating the offense, the burden of proof and other issues typically distinguishing juvenile adjudications and adult convictions are not issues here.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the motion to dismiss the indictment.