GARY P. BURCHAM
BURCHAM & ZUGMAN
California Bar No. 190780
402 West Broadway, Suite 1130
San Diego, CA 92101
Telephone: (619) 699-5930
garypburcham@gmail.com

Attorney for Michael Angel Alvarez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANGEL ALVAREZ,<br><br>Defendant. | No. 26-cr-0405-AH<br><br>Motion Hearing Date: 9/9/26 at 8:30 a.m.<br>Pretrial Conf. Date: 9/16/26 at 10:00 a.m.<br>Trial Date: 10/6/26 at 8:30 a.m.<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** |

## REPLY

### I. Mr. Alvarez's Felony Crime of Violence Conviction Was Eliminated by His Juvenile Adjudication

The government begins its opposition brief by arguing that the certification of Mr. Alvarez's case to juvenile court, and the subsequent juvenile adjudication which was entered by the court in that case, did not eliminate his felony crime of violence for purposes of this prosecution. In support of this position, the government cites out-of-circuit case law applying the laws of states other than California, and bases its application of those cases on the incorrect premise that Mr. Alvarez was merely resentenced when his case was certified to, and adjudicated by, the juvenile court in 2024.

Mr. Alvarez will begin by addressing the government's arguments regarding the

legal effect of the juvenile court proceedings which occurred in 2024, as illustrated by the documents contained in defense Exhibit "B". The government claims that Mr. Alvarez's adult conviction was not vacated or in any manner reversed in those proceedings, and that he was simply "resentenced in juvenile court to be released before serving 25 more years in prison under his original sentence." [ECF 32 at 4]. This is not the case at all.

When Mr. Alvarez's case was certified to juvenile court, this was not merely for a resentencing. In June 2024, the district attorney's office filed a "Petition under Section 602 of the Welfare and Institutions Code" in juvenile court. [Ex. "B" at 3]. Under the California Rules of Court, "[a] proceeding in juvenile court to declare a child a dependent or a ward of the court is commenced by the filing of a petition." Cal. Rules of Court, rule 5.520(b). Additionally, the DA's office had the sole discretion to file a petition under section 602. See Cal. Rules of Court, rule 5.520(a). Following the filing of this petition, the juvenile court had jurisdiction to rule on this petition and decide whether to "adjudge the minor to be a ward of the court." Cal. Wel. and Inst. Code § 602.

Cal. Wel. and Inst. Code § 606 was invoked by the filing of this petition. This provides:

> When a petition has been filed in a juvenile court, the minor who is the subject of the petition shall not thereafter be subject to criminal prosecution based on the facts giving rise to the petition unless the juvenile court finds that the minor is not a fit and proper subject to be dealt with under this chapter and orders that criminal proceedings be resumed or instituted against him, or the petition is transferred to a court of criminal jurisdiction pursuant to subdivision (b) of Section 707.01.

Cal. Wel. and Inst. Code § 606.

We know that no such finding or transfer occurred, nor could they have occurred in light of SB 1391 and Mr. Alvarez's age when he committed the charged offense in 2002. See People v. Hwang, 60 Cal. App. 5th 358, 365 (Cal. Ct. App. 2021) (noting that application of Proposition 57 and SB 1391 "prohibit[ed] prosecuting attorneys from moving to transfer individuals who commit certain offenses when they were 14 or 15 years old to adult court," unless they were "not apprehended prior to the end of juvenile jurisdiction."). Accordingly,

and as the minute order from the September 18, 2024 juvenile court proceedings provides, the juvenile court made a true finding as to count one in the petition, and found that the section 602 petition was sustained. [Ex. "B" at 9]. The juvenile court then declared Mr. Alvarez to be a ward pursuant to Cal. Wel. and Inst. Code § 602. Id. This represented the entry of a juvenile adjudication against Mr. Alvarez, and the corresponding reversal of his prior adult conviction.

The government's interpretation of this process completely ignores the interplay between section 1170(d)(1), Proposition 57, and SB 1391, which Mr. Alvarez laid out in his motion. [ECF 28 at 2]. Once a resentencing pursuant to section 1170(d)(1) occurs, that new sentence "replaces the original sentence, the original sentence is no longer operative, and the finality of the original sentence is no longer material." Id. at 366-67. This operation meant that Mr. Alvarez was "entitled to the benefits of Proposition 57 and Senate Bill No. 1391," id. at 367, with SB 1391 "prohibit[ing] prosecuting attorneys from moving to transfer individuals who commit certain offenses when they were 14 or 15 years old to adult court," unless they were "not apprehended prior to the end of juvenile jurisdiction." Id. at 365. So Mr. Alvarez was not just resentenced under section 1170(d)(1); to the contrary, the operation of section 1170(d)(1), in conjunction with Prop. 57 and SB 1391, resulted in his case being certified to and adjudicated in juvenile court, and with the corresponding result being the entry of a juvenile adjudication against him, and the elimination of his adult conviction. Under the government's interpretation, Mr. Alvarez currently would have both an adult criminal conviction and a juvenile adjudication for the same conduct and charge. This is not possible. See Cal. Wel. and Inst. Code § 606. Accordingly, at the time Mr .Alvarez was arrested for the instant offense, he had a juvenile adjudication of the charge presented in the section 602 petition, and therefore no criminal conviction for this conduct. See In re Joseph B, 34 Cal. 3d 952, 955 (1983) (noting that "adjudications of juvenile wrongdoing are not 'criminal convictions.'").

The government also claims that the fact that California law allows certain juvenile adjudications to be counted as "strikes" in California state courts means this adjudication should be counted as a conviction. [ECF 32 at 4]. This does not change the outcome here, as Mr. Alvarez's juvenile adjudication is not a strike under California law. See Cal. Penal Code § 667(d)(3)(A) (a prior juvenile adjudication constitutes a prior serious or violent felony conviction for purposes of sentence enhancement if, among other requirements, "the juvenile was 16 years of age or older at the time the juvenile committed the prior offense."). Because the California legislature has specifically decided not to allow juvenile adjudications addressing conduct that occurred prior to age sixteen to count as strikes for future conduct, Mr. Alvarez's juvenile adjudication cannot be a predicate conviction under this theory either.

The government's citations to out-of-circuit authority do not change this conclusion. From the Second Circuit, the government cites United States v. Sampson, 385 F.3d 183, 194-95 (2d Cir. 2004), and United States v. Sellers, 784 F.3d 876, 881 (2d Cir. 2015). In Sampson, defendant was convicted of drug crimes under section 841(a)(1), and his sentence was enhanced based on prior New York felony drug convictions which had been replaced at sentencing by youthful offender findings. Id. at 194. Defendant argued on appeal that these youthful offender findings did not qualify as final felony drug convictions. Id. at 194-95. The Second Circuit upheld the enhancement. Focusing primarily on the finality of those matters, it interpreted the record to indicate that the youthful offender findings were simply substituted for the convictions as an adjudication of leniency, but the convictions were not vacated in fact. Id. at 194.

Sampson is inapplicable here for multiple reasons. First, Sampson examined New York state law, not California law. In particular, it analyzed youthful offender findings which were made at a felony sentencing hearing, not a California juvenile adjudication which was made pursuant to the aforementioned formal legal process. In order to determine whether Mr. Alvarez's juvenile adjudication is a qualifying crime of violence conviction, this Court "must look [] to state law." United States v. Mendez, 765 F.3d 950, 952 (9th Cir. 2014).

California law is clear: a delinquency adjudication is not a criminal conviction. See Cal. Wel. and Inst. Code § 203. Additionally, the Second Circuit found that the New York state youthful offender finding was simply an adjudication of leniency by that court. Sampson, 385 F.3d at 194. Here, Mr. Alvarez's adult conviction was reversed because, pursuant to applicable California law, he could not be prosecuted in adult court given his age at the time of that offense. What occurred in 2024 was no "adjudication of leniency," or resentencing, it was the application of the controlling California state law in place at that time which rendered his prior adult conviction invalid as a matter of law.

In Sellers, decided after Sampson, defendant was charged with an ACCA violation. Sellers, 784 F.3d at 880. One of defendant's priors was a New York youthful offender adjudication which had replaced a felony drug conviction. Id. The Second Circuit declined to find that the youthful offender adjudication qualified as a prior drug conviction. Id. at 884-86. Looking at the nature of the youthful offender adjudication, the court noted that a "youthful offender adjudication is not a judgment of conviction for a crime of any other offense[,]" as the New York Court of Appeals "has interpreted a [youthful offender' adjudication as replacing the underlying conviction." Id. at 885-86. Because, "under the law of New York, a [youthful offender] adjudication is a conviction that has been 'set aside' or 'vacated,'" it could not be used as a predicate conviction under ACCA which specifically excludes convictions which have been set aside. Id. at 886,

As the Sellers panel found, Mr. Alvarez's adult conviction no longer existed after it was replaced by the juvenile court adjudication in September 2024. Analyzing this question under California law, the proceedings which occurred beginning with the filing of the section 620 petition and ending with the adjudication and entry of judgment in juvenile court, require the same result. Section 931(a) explicitly requires as an element that at the time of the body armor possession, the defendant had a felony conviction for a crime of violence. See Ninth Cir. Model Crim. Jury Inst. 14.24. Mr. Alvarez had no such conviction when he was arrested, so this case lacks this required element.

The government also cites to United States v. Ellis, 619 F.3d 72, 75 (1st Cir.

2010) (per curiam), a case which the Sellers panel distinguished, Sellers, 784 F.3d at 886 n.6, in support of its position. There, in a completely different posture and under a demanding "blatant error" standard due to a forfeiture, the First Circuit examined whether a Massachusetts juvenile adjudication qualified as a predicate conviction under ACCA. Ellis, 619 F.3d at 74. Defendant had provided no evidence that the juvenile adjudication had been set aside; however, assuming, arguendo, that the conviction had been set aside upon the defendant's discharge from the youth authority, the First Circuit noted that the Massachusetts statute specifically provided that a juvenile adjudication is not set aside for the purpose of imposing sentence in a later criminal proceeding against the same person. Id. at 74-75. The panel explicitly declined to decide whether juvenile adjudications for violent crimes should ever be treated as predicate offenses under ACCA, but found that the district court's decision there was not blatantly erroneous. Id.

Ellis is not applicable here. This case involves California state law, not Massachusetts state law. The relevant Massachusetts statute provided that juvenile adjudications were not considered to be set aside for imposing punishment in future cases, id. at 74, but California law contains no similar provision. To the contrary, California law explicitly precludes the use of a juvenile adjudication relating to conduct which occurred prior to age 16 to be used as a strike. See Cal. Penal Code § 667(d)(3)(A). Additionally, there is no "blatant error" standard in the instant case, and the First Circuit declined to address squarely the question regarding application of that state's juvenile offenses as predicates to ACCA charges. Id. at 75. Ellis is inapposite.

Mendez, from this Circuit, also does not support the government's position. That case involved the application of a Washington juvenile adjudication to a section 922(g)(1) prosecution. Mendez, 765 F.3d at 951-52. The panel upheld such use of defendant's Washington state juvenile adjudication because it disagreed that "Washington law establishes a general rule barring the treatment of juvenile adjudications as 'convictions' of crimes." Id. at 952. Under California law, however, a delinquency adjudication is not a criminal conviction. See Cal. Welfare and Instit. Code § 203. ("[A]n order adjudging a minor to be

a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."); In re Joseph B, 34 Cal. 3d at 955 (noting that "adjudications of juvenile wrongdoing are not 'criminal convictions.'"). Accordingly, Mendez's analysis of Washington state law has no application to this case.

## II. Mr. Alvarez's Juvenile Adjudication Is Not A Felony Crime of Violence Conviction

The government argues in its next section that even if Mr. Alvarez's original sentencing had been to a juvenile adjudication, he would still have a felony crime of violence for purposes of this prosecution. [ECF 32 at 5]. Specifically, and in response to Mr. Alvarez's reliance on United States v. Gauld, 865 F.3d 1030 (8th Cir. 2017) (en banc), the government argues that Congress's failure to exclude juvenile adjudications from consideration under section 921(a)(20) shows that they should be counted here. Id. The problem with this argument is that if the default was to count juvenile adjudications as convictions unless they were specifically excluded, then there would have been no need for Congress to specifically include them in the areas addressed in Gauld. Id. at 103 (noting that juvenile convictions are explicitly included in ACCA, SORNA, and 18 U.S.C. § 521(a)). "The fact that juvenile-delinquency adjudications are expressly 'convictions' in some statutes indicates that 'Congress has been aware of a clear way' to trigger mandatory minimum sentences with juvenile-delinquency adjudications, *see id.* at 1178, even though Congress has never amended § 2252 to provide such a trigger." Id. Gauld, and application of the fundamental statutory interpretation canon *expressio unius est exclusio alterius,* directly refute the government's argument. Gauld, 865 F.3d at 103 ("To read prior conviction as embracing juvenile-delinquency adjudications would require '[d]rawing meaning from silence,' which is 'particularly inappropriate where Congress has shown that it knows how to direct sentencing practices in express terms.'").

The government next argues that its position is supported by the fact that in adjudicating the juvenile petition, the judge labeled the adjudication a felony. [ECF 32 at 5].

As Mr. Alvarez pointed out in his motion, this notation does not change the fact that Mr. Alvarez's juvenile adjudication is neither a conviction, nor a felony. [ECF 28 at 6-7 ]. The California Court of Appeal could not have stated it more clearly: it "must be stressed that despite the unfortunate language utilized in section 702, various superior court 'minute order' forms, cited appellate court decisions, and even subdivision (f) of article I, section 28, of the California Constitution itself, 'declare' as it may, a court can never actually convert a juvenile proceeding into a criminal one, nor transform the conduct that led to a minor's wardship into either a 'felony' or a 'misdemeanor.' In such an action a minor is not charged with a crime, tried for a crime, nor convicted of a crime."). In re Anthony R., 154 Cal. App. 3d 772, 778 (Cal. Ct. App. 1984). "A juvenile's delinquency may consist of felony activity, but an adjudication as such is not a *felony conviction*.") (emphasis in original). People v. Sanchez, 170 Cal. App. 3d 216, 218 (Cal. Ct. App. 1985) (emphasis in original). The judge's felony comment has no legal effect for purposes of this inquiry.

As to the fact that the Ninth Circuit has stated that an "adjudication of juvenile delinquency is not a conviction of a crime, but rather, a determination of a juvenile's status," United States v. Gonzalez-Cervantes, 668 F.2d 1073, 1075 (9th Cir. 1981), the government attempts to limit that statement of law only to the jurisdictional issue raised in that case. [ECF 32 at 6]. The Ninth Circuit has stated this point of law in multiple cases with differing issues. See, e.g., United States v. Frasquillo-Zomosa, 626 F.2d 99, 101 (9th Cir. 1980) (same, in context of claim that age was element of juvenile delinquency); United States v. Araiza-Valdez, 713 F.2d 430, 432 (9th Cir. 1980) (same, in context of claim that government failed to follow required process in prosecution). Just as similar overarching statements of law in California cases regarding the nature of juvenile adjudications are not limited to the facts of those particular cases, see, e.g., In re Joseph B, 34 Cal. 3d at 955 ("adjudications of juvenile wrongdoing are not 'criminal convictions.'"), neither are these general statements of law by the Ninth Circuit regarding the special nature of juvenile adjudications.

## CONCLUSION

For the aforementioned reasons as well as those set forth in his motion to dismiss, Mr. Alvarez respectfully asks this Court to dismiss the indictment in this case.

Respectfully submitted,

Dated: August 26, 2026

/s/ Gary P. Burcham
GARY P. BURCHAM
Attorney for Michael Alvarez